IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-449-D

SHANELLE MORRIS-WILKINS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
ASSURITY LIFE INSURANCE COMPANY, )
et al., )
Defendant. )

On August 2, 2024, Shanelle Morris-Wilkins ("Morris-Wilkins" or "plaintiff"), proceeding pro se, filed a complaint, invoked subject-matter jurisdiction under 28 U.S.C. § 1332, and sued two North Carolina defendants, Albert Batchelor and Al Batchelor Insurance Agency, and one Nebraska defendant, Assurity Life Insurance Company. See Compl. [D.E. 1] 2–3. On October 31, 2024, Morris-Wilkins filed an amended complaint. See Am. Compl. [D.E. 5]. Plaintiff seeks relief for breach of contract and various other torts arising from a $150,000 life insurance policy for Morris-Wilkins's late husband Danny Wilkins. See id. at 4–18. As explained below, the court dismisses Morris-Wilkins's amended complaint. See Fed. R. Civ. P. 12(b)(2), (4), (5).

I.

Defendant Albert Batchelor moves to dismiss the amended complaint because, inter alia, Morris-Wilkins never properly served him or Al Batchelor Insurance Agency (an entity that does not exist). See [D.E. 14] 1–2; Fed. R. Civ. P. 12(b)(2), (4), (5). Under Rule 12(b)(2), a plaintiff must prove personal jurisdiction. See, e.g., Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993); Fed. R. Civ. P. 12(b)(2). If the court resolves a motion to dismiss for lack of

personal jurisdiction without an evidentiary hearing, a plaintiff must show a prima facie case of personal jurisdiction. See Mylan Lab'ys, Inc., 2 F.3d at 60. In deciding whether a plaintiff has proven personal jurisdiction, the court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Id.; see Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, and a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of "service" of process. See Fed. R. Civ. P. 12(b)(4), (5); Lee v. City of Fayetteville, No. 5:15-CV-638, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016) (unpublished), abrogated on other grounds by Wilson v. City of Jacksonville, 682 F. Supp. 3d 481 (E.D.N.C. 2023). Stated differently, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. See, e.g., 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). For example, a typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint or that the summons was not served with the complaint. A typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (such as a party), to a person or entity incapable of receiving service (such as a minor), or that the service was delivered in an improper way (such as via first-class mail). See, e.g., Stokes v. JPMorgan Chase Bank, NA, No. 8:11-CV-2620, 2012 WL 527600, at *5–6 (D. Md. Feb. 16, 2012) (unpublished). Plaintiff bears the burden of establishing proper service of process. See Mylan Lab'ys, 2 F.3d at 60; Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013).

Service rules ensure that a defendant receives due process and that the court has personal

2

jurisdiction over a defendant. Moreover, the rules concerning how to serve a corporation help to alert those receiving a corporation's mail that the mail includes a lawsuit. These rules concerning service of process apply equally to litigants proceeding with or without counsel. Service of process is not a mere formality, and courts should not overlook procedural deficiencies even if actual notice occurred. See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); McDaniel v. Greyhound Lines, Inc., No. 3:08-CV-130, 2008 WL 2704774, at *4–5 (W.D.N.C. July 7, 2008) (unpublished); Shaver v. Cooleemee Vol. Fire Dep't, No. 1:07-CV-175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (unpublished); Hoyle v. United Auto Workers Loc. Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006).

Morris-Wilkins did not properly serve Albert Batchelor or Al Batchelor Insurance Agency. See [D.E. 15-1]. She failed to have a proper process server serve the complaint and summons together or serve the amended complaint and summons together. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); Stewart v. GM Fin., No. 319CV411FDWDCK, 2019 WL 5850425, at *3 (W.D.N.C. Nov. 7, 2019) (unpublished). Moreover, she failed to provide proper proof of service concerning Albert Batchelor or Al Batchelor Insurance Agency. See Fed. R. Civ. P. 4(l)(1); Childs v. Advanced Cap. Sols., Inc., No. CV 3:23-1070-MGL-SVH, 2023 WL 8284234, at *1 n.1 (D.S.C. Oct. 27, 2023) (unpublished), report and recommendation adopted, 2023 WL 8282983 (D.S.C. Nov. 30, 2023) (unpublished); Mathewson v. Brady, No. 1:20CV944, 2022 WL 1694294, at *7–10 (M.D.N.C. May 5, 2022) (unpublished), report and recommendation adopted, 2022 WL 1686939 (M.D.N.C. May 26, 2022) (unpublished). Morris-Wilkins also failed to properly serve Assurity Life Insurance Company. See [D.E. 42]. Likewise, Morris-Wilkins's proof of service concerning Assurity Life Insurance Company does not suffice. See [D.E. 4, 4-1, 4-2, 4-3, 9].

3

Morris-Wilkins seeks an extension of time to properly serve Albert Batchelor, Al Batchelor Life Insurance Agency, and Assurity Life Insurance Company and cites her pro se status, the case's complexity, and logistical issues with her process server. See [D.E. 10, 11, 40]. Morris-Wilkins, however, failed to properly serve these defendants within 90 days of filing her complaint. See [D.E. 20] 7; cf. Fed. R. Civ. P. 4(m). Moreover, Morris-Wilkins's pro se status, the complexity of the case, and logistical issues with the process server do not constitute good cause. See, e.g., Gelin v. Shuman, 35 F.4th 212, 218 (4th Cir. 2022); Attkisson v. Holder, 925 F.3d 606, 627–28 (4th Cir. 2019); Bolus v. Fleetwood RV, Inc., 308 F.R.D. 152, 155 (M.D.N.C. 2015), aff'd, 646 F. App'x 316 (4th Cir. 2016) (per curiam) (unpublished). Thus, the court denies Morris-Wilkins's motion for extension of time and dismisses without prejudice her amended complaint against Albert Batchelor, Al Batchelor Life Insurance Agency, and Assurity Life Insurance Company. In light of this conclusion, the court denies as moot Morris-Wilkins's several motions for tolling, for entry of default, for sanctions, to strike defendants' filings for failure to file a notice of appearance, to validate service, and to amend her amended complaint.

II.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 14], DISMISSES WITHOUT PREJUDICE plaintiff's amended complaint [D.E. 5], DENIES plaintiff's motions for extension of time [D.E. 10, 11, 40], and DENIES AS MOOT plaintiff's other motions [D.E. 12, 13, 28, 31, 33, 34, 35].

SO ORDERED. This 3 day of April, 2025.

JAMES C. DEVER III
United States District Judge

4